UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| BENJAMIN TYLER MCABEE, | ) | Case Number 25-50037 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MATTHEW W. CHENEY, | ) | |
| Acting United States Trustee for Region 4, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | Case No._____ |
| | ) | |
| BENJAMIN TYLER MCABEE, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DENY DISCHARGE**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "**U.S. Trustee**") and the plaintiff in this adversary proceeding, by counsel, moves the Court pursuant to 11 U.S.C. § 727(a)(4) to deny a discharge to the defendant Benjamin Tyler McAbee (the "**Debtor**") because the Debtor knowingly and fraudulently or with reckless indifference to the truth made false oaths regarding, by way of example and not in limitation, gambling activities and the value of certain real estate.  In support of this complaint, the United States Trustee respectfully states as follows:

<u>JURISDICTION AND VENUE</u>

1.    On January 27, 2025, the Debtor, a resident of Rockingham County, Virginia, commenced case number 25-50037 by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code.  The Debtor's case is still pending before this Court.

2.      Plaintiff is the United States Trustee, and he is a United States Department of Justice official authorized to file this complaint objecting to the Debtor's receipt of a chapter 7 discharge.

3.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334.   The statutory predicates for this motion are 11 U.S.C. §§ 105(a), 307, and 727.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the United States Trustee consents to the Court's entry of a final order in this matter.

<u>BACKGROUND</u>

6.      The Debtor signed the declarations concerning the accuracy of the information in his petition, schedules, and statements.   The petition, schedules, statements, and other documents filed at Docket Number 1 are incorporated by reference.

7.      After an opportunity for discovery, the evidence is expected to show that at all relevant times the Debtor knew or should have known of: his gambling activities including winnings and losses; his financial or investment accounts; and the value of real estate in which he owned an interest.

8.      The chapter 7 trustee conducted the Debtor's first meeting of creditors on February 19, 2025, at which time the chapter 7 trustee administered an oath to the Debtor and the Debtor testified under the penalty of perjury.

9.      The deadline for the United States Trustee to file this complaint is April 21, 2025.

10.      This complaint is timely filed.

11.      During his meeting of creditors, the Debtor testified he had a copy of his petition and he identified his signature.

2

12.     During his meeting of creditors, the Debtor testified his income remained approximately the same as reported on his Schedule I (Official Form 106I).  He also testified he did not expect any changes to his income over the next 6 months.

13.     During his meeting of creditors, the Debtor testified his expenses remained approximately the same as reported on his Schedule J (Official Form 106J).

14.     The Debtor's Schedule I did not disclose anticipated gambling winnings, and Schedule J did not disclose expenses associated with the Debtor's gambling activities.

15.     The Debtor's Statement of Financial Affairs (Official Form 107) did not disclose any gambling winnings in response to question number 5.

16.     The Debtor's Statement of Financial Affairs did not disclose any gambling losses in response to question number 15.

17.     In response to question 17 ("Deposits of money") on Schedule A/B (Official Form 106A/B), the Debtor disclosed money deposited in the following accounts:

| 17.1. | Savings | Dupont Community Credit Union |
|-------|---------|-------------------------------|
| 17.2. | Checking | Dupont Communithy Credit Union |
| 17.3. | Checking | First Bank and Trust Company |
| 17.4. | Savings | Virginia Credit Union |

18.     Question 17 of Schedule A/B requires disclosure of money deposited with "brokerage houses."

19.     The Debtor answered "No" in response to question 18 ("Bonds, mutual funds, or publicly traded stocks") on Schedule A/B (Official Form 106A/B).

20.     Question 18 of Schedule A/B requires disclosure of "investment accounts with brokerage firms[.]"

21.     The Debtor answered "No" in response to question 35 ("Any financial assets you did not already list") on Schedule A/B (Official Form 106A/B).

22.     The Debtor answered "No" in response to question 53 ("Do you have other property of any kind you did not already list?") on Schedule A/B (Official Form 106A/B).

23.     On his Statement of Current Monthly Income (Official Form 122A-1), the Debtor disclosed wages of $10,369.58 on line 1 of Column A and $0 on lines 2-10 of Column A.

24.     Line 10 of the Statement of Current Monthly Income requires, with specified exceptions, disclosure of "[i]ncome from all other sources not listed above."

25.     The Debtor did not disclose any gambling winnings on his Statement of Current Monthly Income.

26.     The Debtor's bank statements indicate that between September 9, 2024, and January 31, 2025, he gambled more than $4,000.00.

27.     The Debtor's bank statements indicate that between September 9, 2024, and January 31, 2025, he deposited winnings totaling $970.81.

28.     The Debtor's bank statements reflect deposits from a Paypal account.

29.     The Debtor's bank statements reflect a deposit from "Robinhood Securities."

30.     Robinhood Securities is a brokerage firm.

31.     After an opportunity for discovery, the evidence may show that the Debtor has undisclosed accounts with Paypal and Robinhood Securities.

32.     In the alternative, if the Debtor had an interest in accounts with Paypal and Robinhood Securities and they were closed prepetition, the Debtor did not disclose the closure of such accounts in response to question number 20 on his Statement of Financial Affairs.

33.     On Schedule A/B (Official Form 106A/B), the Debor disclosed an interest in real estate in Pendleton, West Virginia (the "**Real Estate**").  The Debtor disclosed the value of the Real Estate as $300.00 and the current value of his interest in the Real Estate as $150.00.

34.     During the meeting of creditors, the chapter 7 trustee, who verified the Debtor's identity with government issued identification, asked the following questions and the Debtor testified under oath as indicated:[1]

    i.    Q – Do you solemnly swear that the testimony you're about to give is the truth, whole truth, and nothing but the truth?
A – Yes sir.
.        .        .

    ii.    Q – Do you have a copy of your petition?
A – Yes sir.
Q – Is that your signature?
A – Yes sir.
Q – Did you review these papers carefully and have actual knowledge of the information, was it true and correct?
A – Yes sir.
Q – Have you listed all of your assets and all of your creditors?
A – Yes.
Q – And did you sign it before it was filed with the bankruptcy court?
A – Yes sir.
.        .        .

    iii.    Q – It says here you own an interest in land with a value of $300.00.  Is that your interest or the total value?
A – That's the total value, yes sir.
Q – What kind of land is it?
A – It's just like an old farming plot.
Q – So you, what is about a quarter of an acre or something like that?
A – Yes sir.

---

[1] As of the filing of this complaint, the recording of the meeting of creditors has not been transcribed by a court reporter.  Quotes in this complaint are believed to be accurate, but inconsistencies may appear between the quotes in this complaint and any transcripts later prepared as a result of, for example, differences in interpretation of words or how pauses in speaking should be interpreted in the transcription process.

35.     After an opportunity for discovery, the evidence is expected to show that the Debtor understood the chapter 7 trustee's reference to "these papers" and "it" to mean the documents filed at Docket Number 1.

36.     The Real Estate is not a quarter of an acre.  As the Debtor well knew, the deeded acreage is 2.07 acres.

37.     According to the Pendleton County, West Virginia Assessor's Office, the Real Estate had been valued under a farm valuation tax exemption.

38.     According to the Pendleton County, West Virginia Assessor's Office, the Debtor did not complete a farm valuation tax exemption form for 2025 and the tax assessed value for 2025 is $10,400.00.

39.     After an opportunity for discovery, the evidence is expected to show that the Debtor knowingly and fraudulently misled the chapter 7 trustee concerning the value of the Real Estate.

40.     The Debtor gambled up to and after forming an intention to file bankruptcy.  The Debtor completed his credit counseling course on January 16, 2025.  By way of example and not in limitation, the Debtor's bank statements reflect he gambled nearly $100.00 the day he completed his credit counseling course.  The bank statements reflect that between January 17, 2025, and his petition date, the Debtor gambled a further $270.99.  And on his petition date, bank statements reflect that the Debtor gambled a further $350.00.

41.     The Debtor has continued gambling since filing bankruptcy.

42.     The Debtor signed the Official Form 106Dec filed on January 27, 2025 ("**Declaration Regarding Schedules**"), and, in so doing, declared under penalty of perjury that the information in his schedules including Schedules A/B, Schedule I, and Schedule J was accurate.

43.     The Debtor signed the declaration on his Statement of Financial Affairs filed on January 27, 2025 ("**Declaration Regarding SOFA**"), and, in so doing, declared under penalty of perjury that the information in his Statement of Financial Affairs was accurate.

44.     The Debtor signed the declaration on his Statement of Current Monthly Income filed on January 27, 2025 ("**Declaration Regarding CMI**"), and, in so doing, declared under penalty of perjury that the information in his Statement of Current Monthly Income was accurate.

45.     At the time the Debtor signed the Declaration Regarding Schedules, as the Debtor well knew, he had not disclosed his gambling activities on Schedule I and Schedule J and had not accurately disclosed the value of his interest in the Real Property.

46.     Alternatively, if the Debtor owned an interest in accounts with Paypal and Robinhood Securities, at the time the Debtor signed the Declaration Regarding Schedules, as the Debtor well knew, he had not disclosed his gambling activities on Schedule I and Schedule J, had not accurately disclosed the value of his interest in the Real Property, and had concealed his interests in accounts with Paypal and Robinhood Securities.

47.     At the time the Debtor signed the Declaration Regarding SOFA, as the Debtor well knew, he had not disclosed: the income received from gambling; losses from gambling; and, if the Debtor had interests in accounts with Paypal and Robinhood Securities that were closed in the year prior to the petition date, the existence and closure of such accounts.

48.     At the time the Debtor signed the Declaration Regarding CMI, as the Debtor well knew, he had not disclosed income received between July 1, 2024, and December 31, 2024, from gambling.

49.     As the Debtor well knew at the time he testified at his meeting of creditors, the information in his Schedule A/B, Schedule I, Schedule J, Statement of Financial Affairs, and Statement of Current Monthly Income was not true and correct.

50.     The Debtor knowingly and fraudulently made false oaths when he signed the Declaration Regarding Schedules, the Declaration Regarding SOFA, and the Declaration Regarding CMI.

51.     The Debtor knowingly and fraudulently made false oaths when he testified as set forth in paragraph 34(ii) and 34(iii).

### Count I – 11 U.S.C. § 727(a)(4)

52.     The allegations contained in paragraphs 1-51 above are incorporated by reference as though set forth fully herein.

53.     Section 727(a)(4) of the Bankruptcy Code provides that a debtor should be granted a discharge unless the debtor "knowingly and fraudulently, in or in connection with the case- (A) made a false oath or account[.]"

54.     Courts have recognized that a "'reckless indifference to the truth' constitutes the 'functional equivalent of fraud.'" *Hatton v. Spencer* (*In re Hatton*), 204 B.R. 477, 484 (E.D.Va. 1997) (*citing In re Johnson*, 139 B.R. 163, 164 (Bankr. E.D.Va. 1992).

55.     The Debtor knowingly and fraudulently or with reckless disregard made the false oaths set forth in this complaint.

56.     The Debtor knowingly and fraudulently or with reckless disregard for the truth made false oaths when he signed the Declaration Regarding Schedules, Declaration Regarding SOFA, and Declaration Regarding CMI.

57.     Under oath at his meeting of creditors the Debtor, among the other false statements specifically identified above, knowingly and fraudulently or with reckless disregard to the truth testified falsely that the information in the schedules and statements filed at Docket Number 1 was true and correct and that the Real Estate was worth $300.00.

58.     The Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4).

Date:  March 4, 2025                    Respectfully submitted,

                                        United States Trustee

                                        By: /s/ W. Joel Charboneau
                                        Trial Attorney for the United States Trustee

W. Joel Charboneau (VSB #68025)
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov

Certificate of Service

I certify that on March 4, 2025, I caused the foregoing to be electronically filed in the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the ECF system that have appeared in this case including counsel for the Debtor in chapter 7 case number 25-50037.

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee